**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 95-5460

BOBBY RAY SIMMONS,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Charles H. Haden II, Chief District Court Judge.
(CR-95-8)

Argued: April 5, 1996

Decided: May 20, 1996

Before MURNAGHAN and LUTTIG, Circuit Judges, and JAMES
H. MICHAEL, JR., Senior United States District Judge for the
Western District of Virginia, sitting by designation.

_____

Affirmed by published opinion. Judge Luttig wrote the opinion, in
which Judge Murnaghan and Senior Judge Michael concurred.

_____

**COUNSEL**

**ARGUED:** Hunt L. Charach, Federal Public Defender, Charleston,
West Virginia, for Appellant. Margaret Agnes Hickey, Assistant
United States Attorney, Charleston, West Virginia, for Appellee. **ON
BRIEF:** C. Cooper Fulton, Assistant Federal Public Defender,
Charleston, West Virginia, for Appellant. Rebecca A. Betts, United
States Attorney, Charleston, West Virginia, for Appellee.

**OPINION**

LUTTIG, Circuit Judge:

The sole question before the court in this case is whether a Molotov cocktail, comprising a glass bottle filled with gasoline and a cloth fuse, is a "destructive device" as that term is defined in 26 U.S.C. § 5845(f)(1), if the defendant does not physically possess a match or lighter with which to light the device. Concluding that it is, we affirm the defendant's conviction.

On March 17, 1993, an unknown female stopped a local police officer and pointed to appellant, Bobby Ray Simmons, stating that "he's going to blow up something." J.A. at 13. When the officer confronted Simmons, Simmons had in his pocket a vodka bottle filled with gasoline. Protruding from the bottle was a cloth wick, the other end of which was immersed in the gasoline. After waiving his Miranda rights, Simmons told federal agents that he had constructed the Molotov cocktail "because earlier that evening he had gotten into a fight with Bubby Mullins and had intended to set his car on fire." Id. at 14. A search of Simmons incident to arrest revealed that Simmons did not possess a match or a lighter.

A grand jury indicted Simmons for possession of a destructive device in violation of 26 U.S.C. §§ 5861(d) and 5871, and Simmons entered a conditional guilty plea, reserving the right to appeal the issue of whether a gasoline-filled glass bottle with a cloth fuse could constitute a "destructive device" if he did not have in his physical possession a match or lighter. Simmons now appeals, raising the issue that he reserved in his plea agreement.

Title 26, section 5861(d) makes it unlawful to possess an unregistered "firearm," defined in 26 U.S.C. § 5845(a) as including "a destructive device." "Destructive device" in turn is defined in relevant part as:

> any explosive, incendiary, or poison gas (A) bomb, (B) grenade, (C) rocket having a propellent charge of more than four ounces, (D) missile having an explosive or incendiary

2

> charge of more than one-quarter ounce, (E) mine, or (F) similar device.

Id. at § 5845(f)(1) (emphasis added).

Without ever as much as suggesting that a defendant must possess a means by which to ignite the device, courts have uniformly held that a fully-assembled Molotov cocktail -- defined as a device comprising a bottle, gasoline, and a rag -- constitutes an "incendiary . . . bomb" or "similar device" under section 5845(f). See, e.g., United States v. Neal, 692 F.2d 1296, 1303-04 (10th Cir. 1982) (affirming conviction for possession of a destructive device made from "a one gallon plastic jug, a flammable liquid, and a rag wick"); United States v. Campbell, 685 F.2d 131, 132 (5th Cir. 1982) (sustaining indictment for possession of a destructive device "made from cloth rags, [and] flammable liquid with a fuse made of incense sticks"); United States v. Ross, 458 F.2d 1144, 1144-46, 1144 n.1 (5th Cir.) (affirming conviction for possession of "crude incendiary devices" consisting of "a quart glass bottle with cloth therein and containing a flammable liquid and having a cloth wick in the mouth of said bottle"), cert. denied, 409 U.S. 868 (1972); United States v. Curtis, 520 F.2d 1300, 1304 (1st Cir. 1975) ("[W]hile gasoline, bottles and rags all may be legally possessed, their combination into the type of home-made incendiary bomb commonly known as a Molotov cocktail creates a destructive device."); United States v. Wilson, 546 F.2d 1175, 1177 (5th Cir.) (same), cert. dismissed, 431 U.S. 901 (1977). Similarly, without ever suggesting that a match or lighter is an essential part, courts have consistently held that the unassembled component parts of a Molotov cocktail (i.e., bottles, gasoline, and rags), constitute a destructive device under section 5845(f), when such parts are in the possession of one who intends to assemble an incendiary bomb. See, e.g., United States v. Tankersley, 492 F.2d 962, 966 (7th Cir. 1974) (affirming conviction for possession of a "destructive device" which consisted of "a bottle, a firecracker and tape, and paint remover: the components of a Molotov cocktail"); United States v. Davis, 313 F. Supp. 710, 711, 714 (D.Conn. 1970) (denying motion to dismiss indictment for possession of combination of parts that could be readily assembled into destructive device where defendant possessed "four empty bottles, a number of cloth strips and a two gallon can of gasoline"); United States v. Greer, 588 F.2d 1151, 1157 n.8 (6th Cir. 1978) ("[W]hile gasoline,

3

bottles and rags all may be legally possessed, their combination into the type of home-made incendiary bomb commonly known as a Molotov cocktail creates a destructive device." (internal quotation marks omitted)), cert. denied, 440 U.S. 983 (1979); United States v. Peterson, 475 F.2d 806, 811 (9th Cir.), cert . denied, 414 U.S. 846 (1973).

Against the weight of this authority, Simmons asks us to hold that he cannot be convicted for possession of a destructive device unless he had in his physical possession matches, a lighter, or other means by which to light the Molotov cocktail. This, we decline to do. Every federal court addressing Molotov cocktails under section 5845(f) has appeared to assume, and we now hold, that a Molotov cocktail is a destructive device within the meaning of 26 U.S.C.§ 5845(f)(1), regardless of whether the defendant has a match or lighter with which to ignite the device, because a Molotov cocktail is, or at least is a device similar to, an incendiary bomb, or grenade, in that it is a weapon whose design and primary purpose is to cause injury or to destroy property. Cf. 26 U.S.C. § 5845(f) ("The term `destructive device' shall not include any device which is neither designed nor redesigned for use as a weapon . . . [n]or any other device which the Secretary finds is not likely to be used as a weapon. . . ."). That the defendant does not possess a match does not render a Molotov cock-tail any less an explosive or incendiary device, as Congress itself rec-ognized when it prohibited in the District of Columbia possession of a Molotov cocktail or "other explosive[ ]," the former of which it defined as "[a] breakable container containing flammable liquid and having a wick," see Pub. L. No. 91-358, 84 Stat. 603-04 (July 29, 1970) (codified at D.C. Code Ann. § 22-3215a (1971 Cumm. Supp.)). Indeed, if Simmons' argument were correct, a fully-assembled Molo-tov cocktail, such as Simmons possessed, would not be a destructive device under section 5845(f)(1), even if the defendant were holding a match in his other hand. For, the match is still not a part of the assembled device, and, as Simmons argues, the assembled device must include every part necessary for its activation.

Simmons contends that the common-sense conclusion that a fully-assembled Molotov cocktail is an incendiary device, even absent a match, is foreclosed by our decision in United States v. Blackburn, 940 F.2d 107, 110 (4th Cir. 1991). We disagree. There, we held only

4

that grenades lacking explosive material cannot constitute "destructive devices," reasoning that "[a] defendant must possess every essential part necessary to construct a destructive device." Here, of course, the Molotov cocktail possessed by Simmons contained the requisite explosive material, the gasoline. Indeed, we even cited in Blackburn as authority for our holding, United States v. Davis, 313 F. Supp. 710 (D.Conn. 1970), a decision which held that "cloth, gasoline and bottles" constitute "destructive devices" as that term is defined in section 5845(f), and which we had previously cited as correctly holding that component parts of Molotov cocktails -- "bottles, gasoline, and strips of cloth" -- constitute destructive devices under section 5845(f), United States v. Morningstar, 456 F.2d 278, 281 (4th Cir.), cert. denied, 409 U.S. 896 (1972) (citing Davis , 313 F. Supp. at 713).

The judgment of the district court is affirmed.

AFFIRMED.

5