**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 08a0643n.06**
**Filed: October 22, 2008**

**Case No. 07-5492**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | **)** | |
| | **)** | |
| **Plaintiff-Appellee,** | **)** | |
| | **)** | **ON APPEAL FROM THE** |
| **v.** | **)** | **UNITED STATES DISTRICT** |
| | **)** | **COURT FOR THE EASTERN** |
| **JOHN W. FRANKLIN,** | **)** | **DISTRICT OF KENTUCKY** |
| | **)** | |
| **Defendant-Appellant.** | **)** | |
| | **)** | |
| _____ | **)** | |
| | **)** | |
| | **)** | |

**BEFORE: BATCHELDER, CLAY, and SUTTON, Circuit Judges.**

**ALICE M. BATCHELDER, Circuit Judge.** Defendant John W. Franklin appeals his jury

conviction and sentence on a charge of knowingly using a destructive device in furtherance of a

crime of violence, in violation of 18 U.S.C. § 924(c). Franklin claims that the district court's jury

instructions contained a factual finding that was the jury's to make, with the result that the jury did

not find the facts necessary to support either the verdict or the sentence. Finding no merit to either

claim, we affirm.

**I. BACKGROUND**

Franklin was employed as a computer-aided drafting technician by WMB Inc. from 1996

until he was terminated in July 2005, because of his inability to work independently. On May 19,

2006, a fire was started in a computer room at WMB. Suspecting that Molotov cocktails might have

been involved, fire investigators contacted the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF).

The ATF investigation led to Franklin, who had been seen at the fire making reference to FAHRENHEIT 911.[1] In Franklin's automobile, ATF agents discovered several boxes of matches, loose unburned matches, pieces of ripped up newspaper, a bottle cap for Fuze green tea, a bottle cap for Arizona green tea, and a Fuze bottle wrapper. As the agents approached Franklin and his automobile, they detected a strong odor of gasoline, the presence of which was later confirmed by chemical tests on Franklin's clothing.

Franklin was arrested and charged in a four count indictment with: (Count 1) arson, in violation of 18 U.S.C. § 844(i); (Count 2) knowingly using a destructive device in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c); (Count 3) knowingly possessing a destructive device not registered to him in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. § 5861(d); and (Count 4) knowingly possessing three firearms while being an unlawful user of marijuana, in violation of 18 U.S.C. § 922(g)(3).[2] The matter went to trial, and the jury returned guilty verdicts on all counts. The district court sentenced Franklin to a total of 420 months' imprisonment: sixty months' imprisonment on Counts One, Three, and Four, to be served concurrently, and 360 months' imprisonment on Count Two, to be served consecutively to the other three counts. Franklin now appeals only his conviction and sentence on Count Two, arguing that the district court erred in its jury instructions.

---

[1] A controversial film directed by Michael Moore, released in 2004.

[2] The United States also sought Franklin's forfeiture of firearms pursuant to 18 U.S.C. § 924(d), which the district court granted.

2

## II. ANALYSIS

We review alleged errors in jury instructions for an abuse of discretion. *United States v. Prince*, 214 F.3d 740, 760-761 (6th Cir. 2000). "We will not reverse the trial court unless the jury charge 'fails to accurately reflect the law.'" *Id.* at 761 (quoting *United States v. Layne*, 192 F.3d 556, 574 (6th Cir. 1999)).

Franklin argues a necessary element of 18 U.S.C. § 924(c)(1)(B)(ii), which must be proven beyond a reasonable doubt and found by the jury, is the *type* of firearm or destructive device that was used during or in relation to the alleged crime of violence. Franklin contends that, by instructing the jury that "the term 'destructive device' includes a Molotov cocktail," the trial court took an essential element of the crime away from the jury's consideration.

We find no merit in Franklin's argument. The district court properly instructed the jury that to prove that Franklin violated 18 U.S.C. § 924(c)(1), the Government was required to prove beyond a reasonable doubt that Franklin used a firearm, which pursuant to § 921(a)(3)(D) includes "any destructive device."[3] Because the jury had heard extensive evidence that the fire in question was

---

[3]18 U.S.C. § 921(a)(4) defines "destructive device" as:
  (A) any explosive, incendiary, or poison gas--
    (i) bomb,
    (ii) grenade,
    (iii) rocket having a propellant charge of more than four ounces,
    (iv) missile having an explosive or incendiary charge of more than one-quarter ounce,
    (v) mine, or
    (vi) device similar to any of the devices described in the preceding clauses;
  (B) any type of weapon (other than a shotgun or a shotgun shell which the Attorney General finds is generally recognized as particularly suitable for sporting purposes) by whatever name known which will, or which may be readily converted to, expel a projectile by the action of an explosive or other propellant, and which has any barrel with a bore of more than one-half inch in diameter; and
  (C) any combination of parts either designed or intended for use in converting any device into any destructive device described in subparagraph (A) or (B) and from which a destructive device may be readily assembled.
  The term "destructive device" shall not include any device which is neither designed nor redesigned for use as a weapon; any device, although originally designed for use as a weapon, which is redesigned for use as a signaling, pyrotechnic, line throwing, safety, or similar device; surplus ordinance sold, loaned, or given by the Secretary of the Army pursuant to the provisions of section 4684(2), 4685, or 4686 of title 10 [10 USCS § 4682(2), 4685, or 4686];

likely started by a Molotov cocktail, the district court also instructed the jury that, as a matter of law, a Molotov cocktail is a "destructive device." That instruction did not in any way impinge the jury's duty to determine whether Franklin actually used a destructive device at all — whether a Molotov cocktail or some other such device — and, if so, whether the use was during a crime of violence. The only matter removed from the jury's consideration as a result of the instruction was the question of whether "destructive device," as defined by 18 U.S.C. § 924(c)(1), includes a Molotov cocktail. As the district court correctly concluded, that is a question of law, not of fact. Further, the district court's instruction on the issue is supported by extensive case law, albeit cases considering the virtually identical definition of "destructive device" contained in 26 U.S.C. § 5845(f). *See United States v. Simmons*, 83 F.3d 686, 687-88 (4th Cir. 1996) (collecting cases). The district court did not abuse its discretion by giving the instruction.

Franklin's only challenge to his sentence is premised on this same unavailing argument: that it was up to the jury to decide whether a Molotov cocktail is a "destructive device," and because the instruction removed necessary factfinding from the province of the jury, the jury did not find the facts necessary to support his sentence. But, as we have already explained, that question is one of law, not of fact, and the jury instruction was not erroneous. This claim has no merit either.

### III. CONCLUSION

For the foregoing reasons, we **AFFIRM** Franklin's conviction and sentence.

---

or any other device which the Attorney General finds is not likely to be used as a weapon, is an antique, or is a rifle which the owner intends to use solely for sporting, recreational or cultural purposes.