**Opinion issued April 7, 2015**



In The

# Court of Appeals

### For The

# First District of Texas

_____

### NO. 01-14-00363-CR

_____

### RICHARD PAUL SMITH, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

**On Appeal from the 185th District Court**
**Harris County, Texas**
**Trial Court Case No. 1388225**

---

### O P I N I O N

Appellant Richard Paul Smith was found guilty of the offense of possession of an explosive weapon, enhanced by two prior felony convictions. *See* TEX. PENAL CODE § 46.05(a)(1). The trial court sentenced him to 50 years in prison. In a

single issue, Smith challenges the legal sufficiency of the evidence to support his conviction. We affirm.

## Background

Houston Police Officers D. Morton and J. Saenz responded to an emergency call from an apartment complex regarding a man walking around with a bottle of gasoline. The caller had told the dispatcher that a white male, wearing black pants and no shirt, had a "Molotov cocktail . . . a 40-ounce bottle full of gasoline with a rag on top of it." The caller also reported that the man "said he would bomb somebody's house down." Upon arriving at the apartment complex, the officers were confronted by people yelling "he's over there," pointing toward the side of the building. As the officers followed their directions around the corner of the building, they both smelled gasoline. The officers found appellant Richard Paul Smith hunched on a stoop, with his head between his legs, in front of an apartment. Within Smith's reach sat a 40-ounce malt liquor bottle, partially filled with liquid, with a blue rag sticking out.

Based on their weapons training, both officers believed the bottle was a Molotov cocktail. Smith did not initially respond to the officers' commands to step away from the bottle, and Officer Morton believed he was high on drugs. As he was being arrested, Smith claimed he "just wanted to scare them," motioning to

people at the apartment complex and across the street at a convenience store. A search revealed a lighter in Smith's pocket.

The officers took photographs of the scene, including this picture of the bottle that was admitted into evidence at Smith's trial:



The officers called the homicide division and bomb squad to ask what to do about the bottle. Both units declined to come to the scene to dispose of the bottle. Because the officers did not want keep a bottle with what they thought was gasoline, they took it to a local fire station, which disposed of the bottle, the rag, and the liquid.

**Analysis**

In a single issue, Smith argues that the evidence at trial was legally insufficient to establish that the bottle recovered by the officers was an "explosive weapon" within the meaning of the Penal Code.

When reviewing the legal sufficiency of the evidence, we view the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007). We must defer to the responsibility of the factfinder to fairly resolve conflicts in testimony, to weigh evidence, and to draw reasonable inferences from the facts. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Williams*, 235 S.W.3d at 750. "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). As long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction, each fact need not point directly and independently to the guilt of the appellant. *Id.*

A person commits the offense of possession of a prohibited weapon if he intentionally or knowingly possesses an explosive weapon. TEX. PENAL CODE § 46.05(a)(1). "Explosive weapon" is defined as:

4

. . . any explosive or incendiary bomb, grenade, rocket, or mine, that is designed, made or adapted for the purpose of inflicting serious bodily injury, death, or substantial property damage, or for the principal purpose of causing such a loud report as to cause undue public alarm or terror, and includes a device designed, made, or adapted for delivery or shooting an explosive weapon.

*Id*. § 46.01(2). The words "bomb" and "grenade" are not defined in the Penal Code, so we must give them their plain meaning. *State v. Holcombe*, 187 S.W.3d 496, 500 (Tex. Crim. App. 2006). A "bomb" is "an explosive device fused to detonate under special conditions." MERRIAM WEBSTER'S COLLEGIATE DICTIONARY 129 (10th ed. 1993). A "grenade" is a "small missile that contains an explosive or chemical agent (as tear gas, a flame producer, or a smoke producer) and that is thrown by hand or projected (as by a rifle or special launcher)." *Id.* at 512. Although not listed in the statute, a "Molotov cocktail" is defined as "a crude bomb made of a bottle filled with a flammable liquid (as gasoline) and usually fitted with a wick (as a saturated rag) that is ignited just before the bottle is hurled. *Id.* at 749.

Smith argues that the evidence is insufficient to establish that the bottle in his possession was an explosive weapon because the evidence did not establish that it was, in fact, explosive. He asserts that no evidence established that the liquid inside the bottle was gasoline and that no evidence established that the bottle was constructed in a way that would cause it to explode if ignited and thrown, as opposed to merely shattering and burning. He does not contend, however, that a

properly constructed Molotov cocktail would not constitute an "explosive weapon" under section 46.05(a)(1).[*]

At trial, the officers testified about their perceptions and evaluation of the bottle's contents and its capability of producing an explosion. Morton testified that he smelled gasoline from about 20 yards away as he approached Smith. He denied that the liquid could have been beer or urine, stating that he was "certain that it was gasoline" in the bottle. When asked if the gasoline could have been diluted, he admitted that "anything is possible." He testified, based on his training in identifying weapons, that Smith had constructed a Molotov cocktail, which was an explosive weapon that was adapted to cause serious bodily injury or substantial property damage. Saenz echoed Morton's testimony. He testified that the liquid in the bottle was gasoline and that he was "100 percent certain that it was gasoline"

---

[*] The State contends that "Texas courts have not yet had to address the claim of whether a Molotov cocktail amounts to an 'explosive weapon' under § 46.05 . . . ." In one unpublished decision, however, a court has affirmed a conviction under section 46.05(a)(1) for the possession of a Molotov cocktail. *See McWilliams v. State*, No. 13-97-830-CR, 1999 WL 33757429, at *2–3 (Tex. App.—Corpus Christi Apr. 22, 1999, no pet.) (mem. op., not designated for publication). Other states have also reached the conclusion that a Molotov cocktail is an explosive device. *See People v. Rowerdink*, 756 P.2d 986, 994 (Colo. 1988) (holding evidence sufficient to establish that a defendant who possessed a Molotov cocktail possessed an incendiary device); *State v. Arruda*, 317 A.2d 437, 439 (R.I. 1974) (holding that a Molotov cocktail was a "bomb" under the applicable statute). Federal courts have uniformly held that a Molotov cocktail is a "destructive device" under 26 U.S.C. § 5861(d), which makes it unlawful to possess an unregistered "firearm," including "any explosive, incendiary, or poison gas (A) bomb, (B) grenade . . . or (F) similar device" under section 5845(f)(1). *See United States v. Simmons*, 83 F.3d 686, 687 (4th Cir. 1996) (listing federal cases holding that an assembled Molotov cocktail is a destructive device under the statute).

because "[t]he smell from the bottle was overwhelming." Smith did not object to the officers' testimony. Additionally, pictures of the bottle containing liquid and stuffed with a rag were entered into evidence.

Smith contends that the officers did not adequately explain the physics that would cause the bottle to explode, so a rational juror could not have concluded that the bottle was an explosive weapon. But he does not dispute their testimony that the rag, bottle, and liquid constituted a Molotov cocktail which, if ignited, was capable of causing serious bodily injury or substantial property damage. *See* TEX. PENAL CODE § 46.01(2). Viewed in the light most favorable to the verdict, the officers' testimony and pictures of the bottle enabled a rational trier of fact to find beyond a reasonable doubt that Smith intentionally or knowingly possessed an explosive weapon as defined by the Penal Code. *See id.* § 46.05(a)(1); *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789.

**Conclusion**

We affirm the trial court's judgment.

Michael Massengale
Justice

Panel consists of Justices Keyes, Bland, and Massengale.

Publish. TEX. R. APP. P. 47.2(b).

7