JORDAN, Circuit Judge,
concurring in part and dissenting in part.
My only disagreement with the majority opinion concerns the Sixth Amendment claim. But that disagreement is a significant one.
The government accused Kimberly Smith Hastie of disclosing the “personal information” of Mobile County residents in violation of the Driver’s Privacy Protection Act, 18 U.S.C. § 2721(a)(1), by providing their email addresses to the political campaign of a candidate she wanted to endorse. Because email addresses are not included in the DPPA’s definition of “personal information,” see 18 U.S.C. § 2725(3) (defining “personal information” as “information that identifies an individual,” and providing various examples), Ms. Hastie asked the district court to give the jury the statutory definition of “personal information” and allow it to decide whether email addresses constitute “information that identifies an individual.” See D.E. 294 at 136-37. The district court refused, and instead told the jury that, as a matter of law, the term “personal information” includes email addresses. See D.E. 295 at 129-30.
That, in my view, was reversible constitutional error. It is undisputed that the disclosure of “personal information” is an element of a DPPA offense, and the Sixth Amendment and the Due Process Clause require that “each element of a crime be proved to the jury beyond a reasonable doubt.” Alleyne v. United States, — U.S. —, 133 S.Ct. 2151, 2156, 186 L.Ed.2d 314 (2013). As a result, the jury should have been allowed to decide whether the email addresses provided by Ms. Hastie constitute “personal information.”
I
The majority holds that the district court did not err in instructing the jury *1308 that the term “personal information” includes email addresses because the definition of “personal information” is a matter .of statutory interpretation. See Maj. Op. at 1305-06. Although it is true that the construction of a statutory term is for a court to resolve, the majority’s rationale is too simplistic and does not account for Eleventh Circuit precedent.
The only case affirmatively cited by the majority, United States v. Wilson, 788 F.3d 1298, 1310 (11th Cir. 2015), did not involve a Sixth Amendment claim that the district court, through its instructions, took from the jury an issue relating to an element of the offense. Wilson addressed a sufficiency of the evidence claim, and it was in that context (and only in that context) that the panel engaged in statutory interpretation to determine whether the evidence presented by the government sufficed. The defendant’s conviction for aggravated identity theft was premised on evidence that the names of victims were on tax refund checks, and we had to determine whether those names, together with forged signatures, constituted a “means of identification” under 18 U.S.C. § 1028A. See Wilson, 788 F.3d at 1310. Our closing comments made it clear that we were conducting post-trial sufficiency review, and nothing more. See id. at 1311 (“Here, the United States Treasury checks were made payable to six individuals and were endorsed with those individuals’ forged signatures. This evidence was sufficient to constitute a ‘means of identification’ to identify a specific individual under the statute.”) (emphasis added).
II
A criminal conviction must “rest upon a jury determination that the defendant is guilty of every element of the crime with which he is charged, beyond a reasonable doubt.” United States v. Gaudin, 515 U.S. 506, 510, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995). That means that a district court cannot — no matter how overwhelming (or undisputed) the evidence — direct a verdict by deciding a contested issue on an element of the charged offense. See Sullivan v. Louisiana, 508 U.S. 275, 277, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993) (explaining that the Sixth Amendment right to trial by jury “includes, of course, as its most important element, the right to have the jury, rather than the judge, reach the requisite finding of ‘guilty’ ”).
The district court here, through its jury instructions, altered Congress’ definition under § 2725(3) and prevented the jury from deciding a critical issue: whether the email addresses provided by Ms. Hastie constitute “personal information” under the DPPA. And that, I believe, violated the Sixth Amendment. See, e.g., Mims v. United States, 375 F.2d 135, 148 (5th Cir. 1967) (“An instruction deciding a material fact issue as a matter of law adversely to the accused is regarded as a partial instructed verdict of guilty [that is] prohibited.”).
A
Whether email addresses are “personal information” may properly be characterized as a mixed question of law and fact. But juries in criminal cases also get to decide mixed questions when they concern an element of the offense at issue. See Gaudin, 515 U.S. at 510-15, 115 S.Ct. 2310 (holding that the question of “materiality,” in a false statement prosecution under 18 U.S.C. § 1001, must be submitted to the jury even though it is a mixed question of law and fact). After all, “the jury’s constitutional responsibility is not merely to determine the facts, but to apply the law to *1309 those facts and draw the ultimate conclusion of guilt or innocence.” Id. at 514, 115 S.Ct. 2310. See also Sparf v. United, States, 156 U.S. 51, 106, 15 S.Ct. 273, 39 L.Ed. 343 (1895) (“the jury [is] to apply the law as ... declared to the facts as ascertained by them”).
If the government presents evidence X at trial to establish an element of the offense, and the defendant on appeal argues that evidence X is insufficient to support his conviction, a reviewing court has to determine whether evidence X satisfies the statutory element, and that analysis may entail interpretation of a term in the statute. That is the sort of sufficiency analysis we conducted in Wilson, 788 F.3d at 1310-11, and in many other cases like it. See, e.g., United States v. Ross, 458 F.2d 1144, 1145-46 (5th Cir. 1972). But the need to construe a statute on appeal to conduct sufficiency review is not a license for a district court to tell the jury at trial that evidence X, as a matter of law, satisfies the contested statutory element. The “jury’s duty to apply the law to the facts ... implies the application of a general standard to the specific ... facts as found by the jury.” Holland v. United States, 348 U.S. 121, 141, 75 S.Ct. 127, 99 L.Ed. 150 (1954).
One of our cases, United States v. Goetz, 746 F.2d 705 (11th Cir. 1984), properly illustrates these principles. Goetz involved a prosecution under 26 U.S.C. § 7203 for willful failure to file federal income tax returns. Because one of the elements of a § 7203 offense is the failure to file a return, the defendants wanted the jury to decide whether certain documents they had submitted to the IRS — tax forms containing the words “object self incrimination” in each space requesting income information — constituted “returns.” See id. at 707. The district court ruled, as a matter of law, that the documents were not “returns” within the meaning of § 7203, and so instructed the jury. See id. The jury found the defendants guilty, but we reversed their convictions on appeal.
Although we agreed with the district court that the documents submitted by the defendants were not “returns” as a matter of law (so that the defendants could be properly convicted under § 7203 if the jury credited the government’s evidence), we held that the jury should have been allowed to decide, in the first instance, whether the forms the defendants submitted were “returns”:
The [district] court correctly ruled that, as a matter of law, alleged tax returns which do not contain any financial information are not ‘returns’ within the meaning of [§ ] 7203. The court, however, went on to determine that the documents filed by the defendants did not contain any financial information, and concluded that, as a matter of law, these documents were not returns. In doing so, the lower court applied facts to the law, thus invading the province of the jury. In essence, the court directed a verdict as to one of the three elements of the alleged offense: failure to file a return.
Id. at 707-08. See also id. at 709-10 (“[T]he [district court] applied the facts to the law, leaving nothing for the jury to determine.... We conclude that there was reversible error in directing the jury that the documents filed by the defendants were not returns.”).
Another of our cases, Roe v. United States, 287 F.2d 435 (5th Cir. 1961), is in line with Goetz. The defendant in Roe was convicted of selling and delivering securi *1310 ties without prior registration with the Securities and Exchange Commission. The district court instructed the jury that certain oil leases sold by the defendant were “investment contracts,” and therefore “securities,” within the meaning of the federal statute at issue. See id. at 437-38. We agreed with the district court that the leases, if proven, were “securities” under federal law, but held that the district court’s instruction constituted reversible error:
Thus we determine that, as a matter of law, the evidence of these transactions, if credited, would constitute the sale or delivery of an “investment contract,” hence a “security” thereby requiring registration with the SEC. But the if in “if credited” is a big one. By its very nature, it is the peculiar facts of the setting which turns the offer from a mere sale of property into a sale of a security. That means that the trier of fact, here a jury, must determine the issue.... [N]o fact, not even an undisputed fact, may be determined by the [jjudge. The plea of not guilty puts all in .issue, even the most patent truths. In our federal system, the [t]rial [cjourt may never instruct a verdict either in whole or in part.
Id. at 440.
In my view, Goetz and Roe require that we grant Ms. Hastie a new trial. Telling a jury that all email addresses categorically constitute “personal information” (what happened here) is no different than telling a jury that certain documents filed with the IRS do not constitute “returns” (what happened in Goetz) or that certain oil leases constitute “investment contracts” and, therefore, “securities” (what happened in Roe). See also Carothers v. United States, 161 F.2d 718, 722 (5th Cir. 1947) (holding, in a prosecution for selling services at prices above a ceiling set by a federal official, that the district court improperly instructed the jury as to what the ceiling price was: “This assumption, that the [ceiling] price had been established as matter of law at less than the price the indictment charged [the] defendant with receiving, put the [court] in the position of deciding a fact issue material to [the] defendant’s conviction, instead of submitting it to the jury for its determination, and thus deprived the defendant of his constitutional right of trial by jury.”); Brooks v. United States, 240 F.2d 905, 906 (5th Cir. 1957) (ruling, in a prosecution for perjury based on alleged false statements made under oath to an IRS agent, that the district court committed plain error in instructing the jury that the IRS agent in question was authorized to administer oaths under federal law: “[The instruction] deprived the jury of its function of determining whether or not ... they believed beyond a reasonable doubt that [the agent] was an officer authorized to administer oaths in 1955 and thus violated appellants’ constitutional right to a trial by jury as guaranteed by the Sixth Amendment.”); Mims, 375 F.2d at 147-48 (concluding, in a prosecution for attempted bank robbery, that the district court committed plain error in instructing the jury that the evidence showed an attempt as a matter of law).[1]
B
The majority says that Ms. Hastie’s situation is distinguishable from Goetz and *1311 Roe because the district court here simply-provided a definition of “personal information” at a “higher level of generality” that encompassed email addresses, rather than instructing the jury that “the emails 'provided, by Ms. Hastie constitute ‘personal information.’ ” See Maj. Op. at 1306. I disagree.
The district court not only gave the jury a generic definition of “personal information” — “information that identifies an individual,” D.E. 295 at 129 — but it also told the jury in no uncertain terms that email addresses — the very things Ms. Hastie was accused of distributing — categorically constituted “personal information.” Because we “generally presume that jurors follow their instructions,” Penry v. Johnson, 532 U.S. 782, 799, 121 S.Ct. 1910, 150 L.Ed.2d 9 (2001), the jury here was left with “nothing ... to determine,” Goetz, 746 F.2d at 709, when it came to applying the law (the definition of “personal information”) to the facts (the email addresses in question).
“What [a court] is forbidden to do directly, [it] may not do by indirection.” Horning v. District of Columbia, 254 U.S. 135, 139, 41 S.Ct. 53, 65 L.Ed. 185 (1920) (Brandéis, J., dissenting). Telling the jury, without any limitation or room for debate, that email addresses constitute “personal information” as a matter of law is qualitatively the same as instructing the jury that the email addresses distributed by Ms. Hastie constitute “personal information.” In other words, if all email addresses are “personal information,” then the email addresses provided by Ms. Hastie necessarily are “personal information” too.[2]
Notably, the district court here let the jury decide whether Ms. Hastie — the Mobile County License Commissioner — was an “officer” or “employee” of a “State department of motor vehicles” under § 2721(a)(1). See D.E. 295 at 129. If the jury was allowed to decide that issue, which went to a different element of the DPPA offense, how could it be precluded from deciding whether email addresses constitute “personal information” under § 2725(3)? I cannot think of a good reason, much less a valid constitutional one.
III
A criminal conviction for a violation of the DPPA is punishable only by a fine, see *1312 § 2723(a), so ih a sense this might be seen as a small and insignificant case. But it is nothing of the sort, because it raises an important constitutional question that could have far-reaching consequences in future criminal trials.
As I read Sixth Amendment precedent, the district court violated Ms. Hastie’s rights by instructing the jury, as a matter of law, that the “personal information” element of a § 2721(a)(1) offense categorically includes email addresses. I would grant Ms. Hastie a new trial, and therefore respectfully dissent from the majority’s affir-mance of her DPPA conviction.[3]

. For similar cases from other circuits, see, e.g., United States v. White Horse, 807 F.2d 1426, 1430 (8th Cir. 1986) (holding that the district court "invaded the jury's domain by declaring in [its] instructions to the jury that, as a matter of law, the [Cheyenne River Sioux Tribe] Telephone Authority constituted an Indian tribal organization under 18 U.S.C. § 1163”); United States v. Mentz, 840 F.2d 315, 320 (6th Cir. 1988) ("We agree with *1311 Menz that the [district court] invaded the jury’s province by instructing that body, in clear and unequivocal language, that the banks were FDIC insured at the time the robberies occurred.”); United States v. Johnson, 718 F.2d 1317, 1318 (5th Cir. 1983) (en banc) (ruling that the district court erred in instructing the jury that a particular document was a “security” as a matter of law, because "it is the jury’s exclusive province to apply the law to the facts and determine whether the document is a security”). There is one unpublished case that employs the majority's rationale, but that case — like the majority here — does not cite any Sixth Amendment precedent to support its ruling. See United States v. Franklin, 298 Fed.Appx. 477, 478-79 (6th Cir. 2008) (holding, in a prosecution for knowingly using a destructive device in furtherance of a crime of violence, that the district court did not err in instructing the jury "that, as a matter of law, a Molotov cocktail is a ‘destructive device’ ”). Cf. United States v. Grote, 632 F.2d 387, 391 (5th Cir. 1980) (approving instruction telling the jury that "a taxpayer’s return which does not contain financial information, enabling the [IRS] to determine the party’s tax liability, if any, is not a return”).

. In a way, the district court's instruction acted as a mandatory inference, which is also constitutionally problematic. See, e.g., United States v. U.S. Gypsum Co., 438 U.S. 422, 446, 98 S.Ct. 2864, 57 L.Ed.2d 854 (1978) (explaining how a mandatory inference “invade[s] [the jury’s] factfinding function”); United States v. Cochran, 683 F.3d 1314, 1320 (11th Cir. 2012) ("we disapprove of a jury instruction that invades the jury's province by implicitly mandating an inference”).

. I recognize that the constitutional violation here is subject to harmless-error review, but the government has the burden of demonstrating harmlessness beyond a reasonable doubt, and it has not even tried to make such a showing. See generally Neder v. United States, 527 U.S. 1, 7, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999). The jury, moreover, asked the district court whether it had to follow the definition of "personal information” found in the DPPA or the definition set forth in the jury instructions. See D.E. 295 at 137-38; D.E. 302-4 at 3, 5. Given that query, it is not at all clear that the government could show that the Sixth Amendment error is harmless.